**JINFU ZHENG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 04–4129–ag.**

United States Court of Appeals,
Second Circuit.

March 14, 2006.

Edward J. Cuccia, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, Theodore B. Smith III, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jinfu Zheng, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003).

 Zheng admitted that his statements that his wife had never intended to be sterilized and that he sought asylum, in part, to exercise his freedom of assembly, were false. The IJ found that, having admitted to making false statements to an asylum officer and before the IJ, Zheng was not credible. These fabrications dealt with the nature of his persecution and the protected grounds on which he claimed asylum and therefore went to the heart of Zheng's claim. *See Secaida–Rosales,* 331 F.3d at 308 (noting that credibility findings should concern the basis of the asylum claim). They constituted "specific, cogent reasons" with which the IJ reasonably supported his adverse credibility finding. *See id.* at 307.

 Having failed to meet the lower burden for asylum eligibility, Zheng has also failed to show the higher standard for withholding of removal, that it is more

likely than not he will be persecuted in China. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 448, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). Because Zheng's claim for CAT relief is based on the same grounds as his claims for asylum and withholding of removal, the IJ's adverse credibility determination causes this claim to fail as well. *Cf. Ramsameachire,* 357 F.3d at 185.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).